**In re GRAND JURY PROCEEDINGS DATED MAY 6, 1996.**

**No. Miscellaneous H–96–391.**

United States District Court,
S.D. Texas,
Houston Division.

Aug. 7, 1996.

## OPINION ON SEARCH WARRANT

HUGHES, District Judge.

1. *Introduction.*

In connection with a mail fraud investigation through a Houston grand jury, the government applied to a Colorado magistrate-judge for a search warrant. The application was sealed. In drafting the warrant itself, the government decided to refer to the affidavit supporting the application for a description of the items to be seized. The printed form completed by the government said:

> [T]here is now concealed a certain person or property namely (describe person or property) PLEASE SEE AFFIDAVIT

The only accompanying document was an attachment that described the property with a photograph of the premises to be searched.

On May 15, 1996, the warrant was executed and a large volume of papers were seized. The person who was the target of the search has moved for the affidavit to be unsealed. The government has objected, saying that disclosure would jeopardize its investigation.

■ The government must disclose the affidavit supporting the search warrant because either (a) the warrant does not describe the objects of the search, making it an unconstitutional general warrant, or (b) the affidavit is part of the warrant, making it a public record.

## 2. *General Warrant.*

■ A warrant with no limiting description of the objects to be seized in its four corners is irredeemably void. No faith of the officers—much less their oral supplements to the warrant's actual text—can make a general warrant into a specific one. *See Marron v. United States,* 275 U.S. 192, 196, 48 S.Ct. 74, 75, 72 L.Ed. 231 (1927) (reciting the long-standing principle that "specificity is required in the warrant in addition to the affidavit in order to limit the discretion of executing officials," and more forcefully yet, "As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."). The affidavit cannot supply the constitutionally required specificity unless it accompanies the warrant.

In this case it did not. Worse than not being attached, the affidavit was sealed so that the party subjected to the search cannot now, over eighty days after the search, look at the public record to see what should have been done at his house. *See United States v. Marti,* 421 F.2d 1263, 1269 (2d Cir.1970) (stating that the defendant's constitutional rights cannot be "adequately safeguarded by the recollection of the executing official of the specifics of his affidavit and his good faith in remaining within the restrictive confines implied by the affidavit."); *see also Application of Lafayette Academy, Inc.,* 610 F.2d 1, 5 (1st Cir.1979) (striking down a search warrant for overbreadth because "the requirement that the warrant itself particularly describe the material to be seized is not only to circumscribe the discretion of the executing officers but also to inform the person subject to the search and seizure what the officers are entitled to take.").

## 3. *Incorporation.*

■ Thomas Kiser was the victim of the search, and he wants to see the document that the government incorporated by reference in the warrant it executed on him. It has been held that a warrant may "properly be construed with reference to the affidavit for purposes of sustaining the particularity of the premises to be searched, provided that a) the affidavit *accompanies* the warrant, and b). the warrant uses suitable words of reference which incorporate the affidavit." *United States v. Johnson,* 541 F.2d 1311, 1315 (8th Cir.1976) (emphasis added). A man on whom a warrant has been executed is absolutely entitled to a copy of the *whole* warrant at the time it is executed. *Cf. In re Property of Talk of the Town Bookstore, Inc.,* 644 F.2d 1317, 1319 (9th Cir.1981) ("Since the affidavits were physically attached to the warrants, the persons on the premises at the time of the search were provided with notice of which items the officers were authorized to seize."). The concept of an *executed* warrant being sealed from the person searched is appallingly Hanoverian.

■ Even if Kiser were not directly affected by the contents of the sealed affidavit, this court would still have broad discretion in deciding to unseal the record. As a public record, the public has a common-law right to inspect and copy the affidavit. *See Nixon v. Warner Comm'ns, Inc.,* 435 U.S. 589, 597–98, 98 S.Ct. 1306, 1311–12, 55 L.Ed.2d 570 (1978); *In re Newsday, Inc.,* 895 F.2d 74, 78–79 (2d Cir.), *cert. denied,* 496 U.S. 931, 110 S.Ct. 2631, 110 L.Ed.2d 651 (1990). Though this right is not absolute, the decision whether or not to grant access "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon,* 435 U.S. at 599, 98 S.Ct. at 1312–13.

### 4. *Justification.*

■ If none of the defects of the warrant existed, the government has not justified its desire to keep the supporting affidavit sealed. It has simply asserted that its investigation would be compromised with no hint of factual support. The government is obliged to furnish justification for its assertions and is obliged to make it possible for the searched person to seek review of the warrant process. "It is important ... that the government demonstrate a real possibility of harm before the Court takes the unusual step of sealing a search warrant affidavit.... The mere possibility of harm alleged is not sufficient to outweigh the established policy embodied [in the Rules]." *In re Search Warrant for Second Floor Bedroom,* 489 F.Supp. 207, 212 (D.R.I.1980). The longer the government demands that the affidavit be sealed from Kiser, the party most affected by it, the more difficult the government's burden becomes in justifying this unusual step. The Colorado magistrate issued and sealed the warrant to aid this court with its grand jury; the discretion whether to lift the seal, however, lies with this court.

### 5. *Stay.*

■ The government has asked for a stay for an appeal, with no suggestion why an appeal would be proper. After having been given additional time to support its continued executive privilege in the affidavit, the government did not supply authority remotely related the facts of this case. It has offered no facts or law to support its positions. A stay would only further abuse the process and the people affected by it.

### 6. *Conclusion.*

Neither Kiser nor this court is a stranger to the proceeding that generated the affidavit. The government must disclose the affidavit supporting the search warrant by noon, Friday, August 9, 1996, or all the evidence from the search will be suppressed.